By the Court.
 

 Acting under authority of Section 1229-19, General Code (112 Ohio Laws, 473), tbe director of highways instituted proceedings to rebuild or reconstruct an underpass located on state
 
 *40
 
 highway No. 7 under the tracks of the Baltimore & Ohio Railroad Company. In the course of these proceedings, and under authority of Section 1229-3, General Code (112 Ohio Laws, 463), and after a hearing upon the expediency of reconstructing said underpass, the director of highways in Aprils 1928, determined that the proposed improvement contemplated by him was reasonably necessary and expedient, and accordingly ordered the railroad company to co-operate with his department in the preparation of plans for such improvement. From this order of the director of highways, the railroad company appealed to the Public Utilities Commission, under authority of Section 1229-16, General Code (112 Ohio Laws, 472), which provides that upon the question of such necessity and expediency an appeal may be taken to the Public Utilities Commission. Thereafter the appeal was heard by the commission, at which hearing evidence was offered by the parties. The commission found and determined the issues presented in favor of the railroad company, and ordered its findings transmitted to the interested parties.
 

 The salient and pertinent facts relating to the existing situation of the highway, the railroad, and its underpass, and the proposed reconstruction of the highway by the director of highways, are outlined and incorporated in the findings and order of the Public Utilities Commission, and are as follows:
 

 “The evidence adduced therein reveals the fact that the underpass in question was originally constructed not less than forty years ago by appellant, and that the width, measured at right angles to the abutments, is twenty-two feet and three inches, and
 
 *41
 
 the height thirteen feet. The highway turning, as it does at a sharp angle — which is almost a right angle — where it passes underneath the railroad, somewhat obscured the vision of highway travelers until they are within a short distance of the opening. There is a variance of opinion as to this distance, but from photographs which are a part of the record, as well as testimony of reliable witnesses, the distance appears to be approximately one hundred feet in both directions. Some shrubbery growing along the side of the abutments, which could very well be removed, has also served to increase the difficulty. No accident of any importance, according to the testimony, has ever occurred at this point.
 

 “The cost of this project is somewhat problematical. The amount, in the opinion of the commission, however, would be somewhere between one hundred thousand, and one hundred and forty thousand dollars, this depending largely on the length of the railroad tract affected by raising the grade at the crossing.
 

 “Flood stages of the Ohio river occasionally obstruct traffic along highway No. 7. The waters have, at times, inundated the roadway at this pass. One of the present problems of the engineers of the state highway department is to overcome that condition. The plans for proceeding to bring about the desired results are not yet completed. Were this the only section of highway No. 7 within reach of the Ohio river floods, the commission might consider that feature of the case highly important. There are, however, a number of places on this highway, according to the division engineer, which are even
 
 *42
 
 lower. For that reason the commission does not consider the flood question a vital one.
 

 “In consideration of the foregoing, as well as the many other facts presented by the transcript and exhibits, the commission finds that on account of the present width and height of this underpass, as well as the approach, the length of time it has existed and the absence of fatal accidents thereat, that the improvement ordered by the highway director is, at this time, neither necessary nor expedient. ’ ’
 

 From the order made by the commission, the director of highways applied for a rehearing; á rehearing being denied him, he now prosecutes error to this court from the commission’s order.
 

 The question presented to the commission on appeal, and now in this court, is one of fact merely. Was the proposed improvement ordered under the plans of the director of highways reasonably necessary and expedient under the facts developed before the commission? In determining this question, the commission considered the location and character of the highway in the vicinity of the underpass, the present location of the railroad, the underpass, and railroad bridge above it, the probable cost of relocation and reconstruction under the plans of the director, together with the hazards to the traveling public resulting from accidents theretofore occurring, or which might thereafter occur, by the use of the highway beneath and in the vicinity of the underpass. There is no doubt but that the widening of the underpass and the straightening of the highway in its vicinity would be very beneficial to the traveling public using this highway, but, under the
 
 *43
 
 statute, that is not the only element to be considered in proceedings of this character.
 

 The statute invests the director with very broad powers in the relocation or reconstruction of public highways. Recognizing this fact, the Legislature has conferred upon the commission, a
 
 quasi
 
 judicial tribunal, supervisory jurisdiction by way of appeal to hear
 
 de novo
 
 and determine for itself whether the improvement under the plans of the director is reasonably necessary and expedient. While the commission in its findings considered that the cost of the project was problematical, and would amount to somewhere between $100,000 and $140,000, the evidence disclosed that the making of the improvement at the point of the underpass and its vicinity would approximate the sum of $85,000, and that probably an additional expense of $15,000 or more, necessitated by the improvement, would also be incurred.
 

 It is not necessary for us to allude to the specific facts, pro and con, testified to before the commission. The controlling facts are found in its finding set forth above, which we think are fairly supported by the evidence; and from the facts and circumstances testified to and developed on the hearing before the commission, we are unable to say that the commission’s finding was against the weight of the evidence, or that its order was unlawful and unreasonable. The order of the commission is therefore affirmed.
 

 Order affirmed.
 

 Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.
 

 Marshall, C. J., not participating.